**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANNA PACHECO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:22-cv-0190 JLT HBK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY<br><br>(Docs. 15, 20, 22) |

Joanna Pacheco seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for a period of disability, disability insurance benefits, and supplemental security income. (Doc. 1, 15.) Plaintiff asserts that "[t]he ALJ erred by rejecting the opinion of Plaintiff's treating physician, Dr. Royter without proper consideration of the supportability and consistency of the opinion with the record." (Doc. 15 at 7, emphasis omitted.)

**I.　　Findings and Recommendations of the Magistrate Judge**

Plaintiff applied for benefits after March 27, 2017, so her applications are governed by the new regulations to evaluate medical opinions. 20 C.F.R.§§ 404.1520c, 416.920c. The magistrate judge found the ALJ properly determined considered the consistency factor, because the ALJ identified inconsistencies with Plaintiff's daily activities, treatment notes, and objective evidence of record. (Doc. 22 at 9-10.) In addition, the magistrate judge found the ALJ did not err in

finding the physician's opinion lacked supportability, because the Court was "unable to discern any arguable explanation of the bases for the severe limitations assessed by Dr. Royter in the 'pre-printed and checklist' opinion." (*Id.* at 11.) Therefore, the magistrate judge determined that "the ALJ's finding that Dr. Royter's opinions were not persuasive was supported by substantial evidence after proper consideration of the supportability and consistency factors." (*Id.*) The magistrate judge recommended that Plaintiff's motion for summary judgment be denied, the Commissioner's cross-motion be granted, and the administrative decision be affirmed. (*Id.* at 11-12.)

## II.   Objections

Plaintiff asserts that "the ALJ failed to support the determination by substantial evidence." (Doc. 23 at 2.) Plaintiff contends the magistrate judge erred in accepting the ALJ's determination that Plaintiff's daily activities were inconsistent with Dr. Royter's opinion. (*Id.*) Plaintiff also asserts the magistrate judge erred in finding the medical opinion was inconsistent with the record, arguing the magistrate judge "erroneously analyzes the objective findings and sets forth a rationale for discounting the opinion where the ALJ did not, and this post-hoc rationalization for the ALJ's decision should be rejected." (*Id.* at 3-4.) According to Plaintiff, the magistrate judge "cherry-picked from the ALJ's general summary of Plaintiff's medical history and set forth a rationale as to which portions of this summary of evidence could be construed as consistent with the ALJ's conclusion." (*Id.*, citing Doc. 22 at 9-10.) Therefore, Plaintiff contends the recommendations of the magistrate judge should not be adopted, and the matter should be remanded for further proceedings. (*Id.* at 5.)

The Commissioner filed a response to the objections, maintaining that "the ALJ correctly discounted the limitations opined by Dr. Royter." (Doc. 24 at 1-2.) The Commissioner observes the Ninth Circuit determined "an ALJ may discount a doctor's findings based on a single factor of either supportability or consistency." (*Id.* at 2-3, citing *Woods v. Kijakazi*, 32 F.4th 785, 793 (9th Cir. 2022). The Commissioner also notes Plaintiff objected only to the findings related to the consistency factor, and did not "not meaningfully challenge or address Judge Barch-Kuchta's valid evaluation of the ALJ's additional reason for discounting Dr. Royter's opinion, which was

based on the supportability factor." (*Id.* at 2, emphasis omitted.)  Because the supportability factor alone can support the ALJ's determination, the Commissioner contends the magistrate judge's findings and recommendations should be adopted.  (*Id.* at 2-3.)

## III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1).  If objections are filed, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.*  A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### A. Evaluating Medical Opinions[1]

The regulations direct ALJs to determine how persuasive a medical opinion is according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors showing the medical source's "familiarity with … other evidence in the record or an understanding of [the] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)-(5), §§ 416.920c(c)(1)-(5).  An ALJ is only required to discuss supportability and consistency, which are the two most important factors "when evaluating the persuasiveness of medical opinions." *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)); *see also* 20 C.F.R. § 416.920c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.  We may, but are not required to, explain how we considered the [remaining] factors in paragraphs (c)(3) through (c)(5) of this section…").

The supportability inquiry is an assessment of "the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence." *Woods*, 32

---

[1] As noted above, for applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18, 2017).  Because Plaintiff filed her application on June 20, 2019 (Doc. 12-1 at 19), Plaintiff's claim is subject to the revised rules.

F.4th at 791-792 (internal quotation marks omitted).  The regulations provide:

> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  On the other hand, consistency compares an opinion with other evidence to determine its persuasiveness.  *See Woods*, 32 F.4th at 792. With the "consistency" factor, the regulations explain:

> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§§ 404.1520c(c)(2), 416.920c(c)(2).  The Ninth Circuit observed that an ALJ must explain how both the supportability and consistency factors were considered, and "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

**B.     Opinion from Dr. Royter**

The ALJ observed that Dr. Royter opined Plaintiff could "do no walking or standing, can sit 2 to 4 hours, lift and carry 10 to 15 pounds, and never balance." (Doc. 12-1 at 26.)  The ALJ determined these limitations "inconsistent with the overall record." (*Id.*)  The ALJ explained:

> [A]dditional evidence has been admitted to the record since these assessments were made, so the entire record was not considered. New evidence, including her testimony, suggest much less restrictions than these assessments indicate. The side effects of her medications is inconsistent with the record. Furthermore, the claimant's daily living activities show that she can do more than this assessment. Moreover, no other medical opinion of record supports these opinions.

(*Id.*)  The ALJ also found the limitations identified by Dr. Royter were "not supported by the claimant's treatment notes or the objective evidence of record." (*Id.*)  The ALJ found "little explanation … to support the reason for the opinions." (*Id.*)  The ALJ observed the exhibits were "pre-printed forms and checklists" that appeared "based on the claimant's reported subjective symptoms." (*Id.*)

4

### 1. Supportability

As an initial matter, Plaintiff does not object to the supportability findings made by the magistrate judge. (*See generally* Doc. 23.) Under the new regulations, the supportability inquiry is "geared toward assessing how well a medical source supported and explained" his or her opinion. *Cuevas v. Comm'r of Soc. Sec.*, 2021 WL 363682 at *10 (S.D.N.Y. Jan. 29, 2021). As the magistrate judge determined, "the Court is unable to discern any arguable explanation of the bases for the severe limitations assessed by Dr. Royter in the 'pre-printed and checklist' opinion." (Doc. 22 at 11.) The lack of explanation by Dr. Royter supports the conclusion that the opinion is not persuasive, and the magistrate judge's findings related to the supportability factor are adopted.

### 2. Consistency

Plaintiff's objections related to the consistency factor generally restate the arguments raised in her opening brief, including that the ALJ failed to "show" her daily activities are inconsistent with Dr. Royter's opinion, and the ALJ failed to either identify or explain how specific objective evidence was inconsistent with Dr. Royter's opinion. (Doc. 23 at 2-4.) These arguments were thoroughly considered in the Findings and Recommendations, and the magistrate judge properly concluded that the ALJ's finding was supported by substantial evidence.

As the magistrate judge determined, "[i]t was reasonable for the ALJ to discount Dr. Royter's opinion because Plaintiff's daily activities 'suggest much less restrictions' than the assessed limitations, including standing and walking for 0-2 hours and sitting for only 2-4 hours in an 8-hour workday." (Doc. 22 at 9.) Although Plaintiff contends the ALJ "disregarded her clarification that activities are interrupted by seizure activity" (Doc 23 at 3), the ALJ found this testimony was not supported by the medical record, which "indicates her seizures are controlled with medication." (Doc. 12-2 at 25.) Significantly, Plaintiff did not challenge the ALJ's rejection of her hearing testimony. Thus, her testimony concerning seizure activities does not undermine the ALJ's findings.

The magistrate judge also found the ALJ did not err in finding the opinion of Dr. Royter was inconsistent with other medical opinions of record. (Doc. 22 at 10.) Although Plaintiff

contends the magistrate judge provided *post-hoc* rationalization, the magistrate judge clearly cited evidence discussed by the ALJ. (*See id.* at 10.) The magistrate judge was constrained to the reasons identified by the ALJ, as well as the evidence cited, including both favorable and unfavorable evidence in the medical record. As the magistrate judge observed, "[w]hile not addressed by Plaintiff, the ALJ also considered evidence that could be considered favorable to Plaintiff, including reports of seizures and 'progression, regression, and resolution of tubers.'" (*Id.*, quoting AR 22 [Doc. 12-1 at 25].)

Given the identified inconsistencies between Dr. Royter's opinion and the record—including Plaintiff's daily activities and the medical record— the ALJ properly performed the consistency analysis in explaining why the opinion was not persuasive. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

## IV.    Conclusion and Order

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a de novo review of the case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court finds the Findings and Recommendations are supported by the record and proper analysis. Because ALJ applied the proper legal standards, and the decision was supported by substantial evidence in the record, the administrative decision is affirmed. *See Sanchez v. Sec'y of Health & Human Serv.,* 812 F.2d 509, 510 (9th Cir. 1987); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ"). Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 20, 2023 (Doc. 22) are **ADOPTED** in full.
2. Plaintiff's Motion for Summary Judgment (Doc. 15) is **DENIED**.
3. Defendant's Cross-Motion for Summary Judgment (Doc. 20) is **GRANTED** and the decision of the Commissioner of Social Security is **AFFIRMED**.

///

///

6

4. The Clerk of Court is directed to terminate any pending motions and deadlines; enter judgment in favor of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Joanna Pacheco; and to close this case.

IT IS SO ORDERED.

Dated: __August 20, 2023__

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE